IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JIMMY N. KINSLOW,

    Plaintiff,

v.                                                    No. CIV 13-0256 LH/KBM

NEW MEXICO CORRECTIONS
DEPARTMENT; GREGG MARCANTEL,
in his official and individual capacities;
CARLOS ELIZONDO, in his official and
individual capacities; and JOHN/
JANE DOES I-X, in their official
and individual capacities,

    Defendants.

MEMORANDUM OPINION AND ORDER

    This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's Verified Complaint. Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis. For reasons set out below, Plaintiff's complaint will be dismissed.

    The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted." The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In reviewing Plaintiff's pro se complaint, the Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the

allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint consists of seven Counts relating to alleged denial of Plaintiff's access to the courts. Plaintiff's allegations are set out in his eleven-page Factual Background. He describes the history of his mental problems and of taking psychotropic medications that ended approximately ten years ago. When he "regain[ed] some measure of sanity," (¶ 27), he began attempting to research case law on mental incapacity as a podssible basis for a habeas corpus petition. Plaintiff now alleges that Defendants, by way of rules and regulations as well as departmental and individual actions, have frustrated his research efforts by providing inadequate legal materials and assistance in prison. He also alleges Defendants have impeded and obstructed his attempts to prosecute proceedings in various courts.

Specifically, Plaintiff alleges that a law librarian refused to provide addresses for courts in other districts. Later, after being transferred to a Florida prison and then back to New Mexico, he was denied "controlling Elevent[h] Circuit case decisions . . . to guide him through[] the maze of technical requirements . . . so that he would be able to rebut the states' arguments." (¶ 48.) He contends Defendants' actions allegedly "make it impossible . . . to effectively and compently [sic] litigate." (¶ 50.) In desperation, he dismissed one of his pending cases without prejudice and is now time-barred from refiling. (¶ 50.) More recently, he has been unable to research relevant materials on the issue of whether collective punishment for the misconduct of one or two individuals violates international law. (¶ 53.) The three substantive Counts (I, II, III) make claims that Defendants hindered Plaintiff's prosecution of court proceedings; Count IV asserts violations of New Mexico law based on the same allegations; Count V asserts a conspiracy; and Counts VI and VII seek declaratory and injunctive relief. Plaintiff contends that Defendants' regulations and actions are in violation of his rights under the First, Eighth, and Fourteenth Amendments. The complaint seeks damages and declaratory and

injunctive relief.

As a starting point in evaluating Plaintiff's complaint, the Court notes that he has filed at least twenty-six actions and proceedings in a number of federal district and appellate courts. *See* http://www.pacer.gov/ (last visited Sept. 18, 2013). Plaintiff clearly has not been prevented from filing claims in the courts. *See Harmon v. Keith*, 383 F. App'x 770, 771 (10th Cir. 2010) ("[T]he uncontroverted evidence showed [Plaintiff] was able to prepare and file pleadings in both state and federal court during the relevant period.").

Because Plaintiff has not been prevented from filing, the allegation that he has been denied the ability "to effectively and compently [sic] litigate" does not support a claim of denial of access to the courts. "[Plaintiff's assertions] appear to suggest that the State must enable the prisoner to discover grievances, and to litigate effectively once in court. These elaborations upon the right of access to the courts have no antecedent in our pre-*Bounds*[ *v. Smith*, 430 U.S. 817 (1977),] cases, and we now disclaim them." *Lewis v. Casey*, 518 U.S. 343, 354 (1996) (citing *Bounds*, 430 U.S. at 825-826 and n. 14).

As is often noted in cases of alleged denial of access to legal materials, the Supreme Court's "main concern here is 'protecting the ability of an inmate to prepare a petition or complaint.' " *Bounds*, 430 U.S. at 828 n. 17 (quoting *Wolff v. McDonnell*, 418 U.S. 539, 576 (1974)). Plaintiff's allegations might support a constitutional claim "if, as [he] seem[s] to assume, the right at issue--the right to which the actual or threatened harm must pertain--were the right to a law library or to legal assistance. But *Bounds* established no such right, any more than *Estelle*[ *v. Gamble*, 429 U.S. 97 (1976),] established a right to a prison hospital. The right that *Bounds* acknowledged was the (already well-established) right of access to the courts." *Lewis v. Casey*, 518 U.S. 343, 350 (1996) (citing *Bounds*, 430 U.S. at 817, 821, 828).

Because the Constitution does not ensure the access that Plaintiff seeks, and because Plaintiff does not allege active interference with his preparation and filing of papers, no relief can be granted on his claim. His allegation that a law librarian refused to provide addresses for courts in other circuits is as close as he get to a claim of actual interference, but the allegation does not amount to preventing him from filing. "[T]he right of access to the courts does not entail a constitutional right to . . . professional legal assistance." *Montana v. Lampert*, 262 F. App'x 914, 918 n. 3 (10th Cir. 2008) (citing *Lewis*, 518 U.S. at 350). The complaint will be dismissed for failure to state claims under § 1983 for relief against Defendants.

Plaintiff also asserts that his allegations support claims under the New Mexico Constitution. In view of the dismissal of his federal claims, the Court will decline to exercise supplemental jurisdiction, 28 U.S.C. § 1367(a) & (c), of these asserted state law claim. The Court may "decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." § 1367(c), (c)(3). The complaint will be dismissed. *But see Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007).

IT IS THEREFORE ORDERED that Plaintiff's Verified Complaint is DISMISSED with prejudice, and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE